UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK THOMPKINS,

    Petitioner,

v.

NICK J. LUDWIG,

    Respondent.
_____/

Case No. 2:08-CV-14809
HONORABLE GERALD E. ROSEN
CHIEF UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

Petitioner, Mark Thompkins, filed this case under 28 U.S.C. § 2254. Petitioner is a state inmate currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Petitioner pled no contest in Wayne Circuit Court to the offense of larceny from a person. MICH. COMP. LAWS § 750.357. The trial court sentenced him as a fourth habitual offender to six-to-fifteen years in prison. Petitioner seeks a writ of habeas corpus on the grounds that: (1) he involuntarily pled no-contest, (2) the trial court violated Michigan's 180-day speedy trial rule, and (3) the trial court did not give him credit for time served while awaiting trial. For the reasons stated below, the Court denies the petition. The Court also declines to issue Petitioner a certificate of appealability.

### II. Background

The charges against Petitioner resulted from an incident in which he drove off in a woman's parked pick-up truck with her young child. The driver of the vehicle and her son became lost driving home from the airport. She stopped in the parking lot of a restaurant

1

to use a payphone and left her six-year-old son in the rear passenger seat of her unlocked and running truck. Petitioner approached the woman and pretended to use the payphone next to her. He then climbed into the driver's seat of the vehicle. The woman screamed that her son was inside and pounded on the windows, but Petitioner locked the doors and drove away. A bystander chased the vehicle on foot. About a block away, Petitioner stopped, removed the victim's purse from the vehicle, and ran away. The pursuing bystander walked the woman's son back, and the police arrived shortly thereafter. Petitioner was apprehended and the woman identified him at a lineup.

Petitioner was charged with kidnapping, unlawfully driving away an automobile, and two counts of larceny. Defense counsel filed a motion to dismiss the kidnapping charge. He asserted that insufficient evidence was offered at the preliminary examination to show that Petitioner intended to take the child. The trial court granted the motion, prompting a quick settlement of the remaining charges.

Petitioner entered into a plea bargain whereby he agreed to plead no-contest to one-count of larceny with a six-to-fifteen year sentence agreement in exchange for dismissal of the remaining charges.

At the plea hearing Petitioner was placed under oath. The trial court informed Petitioner of the terms of the deal, including the sentencing agreement, and Petitioner indicated his understanding. Petitioner stated that he did not have any questions about his rights and understood that they would be waived. The following colloquy then occurred:

The Court: Is it your own choice to plead no contest?

Petitioner: Yes, Your Honor.

The Court: Has anyone threatened you to make this plea?

>Petitioner: No, Sir.
>
>The Court: To get you to make this plea?
>
>Petitioner: No, Sir.
>
>The Court: Has anyone promised you anything beyond what is in the plea agreement?
>
>Petitioner: No, Sir.
>
>The Court: Has anyone used any undue influence or force against you that is causing you to make this plea?
>
>Petitioner: No, Sir.
>
>The Court: Do you offer your plea freely and voluntarily?
>
>Petitioner: Yes, Sir.
>
>The Court: Do you understand that if your plea is the result of any undisclosed promises or threats, you must disclose them to me now, otherwise you will be giving up the claim that it was because of those promises or threats and not your own choice to enter the plea?
>
>Petitioner: Yes, Sir.

Plea Transcript at 14-15.   The trial court accepted Petitioner's plea and found that it was made voluntarily and without any undue influence, compulsion, or duress.

Petitioner moved to withdraw his plea at sentencing on the grounds that his attorney had forced him to accept the plea bargain.  The trial court denied the motion:

>I'm not satisfied that a requisite showing has been made that there's any basis to withdraw the plea.  Nothing has been presented to the Court on that issue other than you relaying what he maintains is what he says, that his attorney scared him.  I don't find that to be sufficient on an evidentiary grounds to cause me to allow him to set aside his plea.

Sentencing Transcript, at 7.  The court then sentenced Petitioner under the terms of the agreement.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising one issue:

> I. Whether [Petitioner] is entitled to jail credit for this case since his parole status was closed on the prior case?

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Thompkins*, No. 270925 (Mich. Ct. App. July 18, 2006). Petitioner filed an application for leave to appeal in the Michigan Supreme Court and raised the same claim, but it was denied by form order. *People v. Thompkins,* No. 131870 (Mich. Sup. Ct. Oct. 31, 2006).

Petitioner then filed a motion for relief from judgment in the trial court, in which he raised the following three issues:

> I. The trial court abused its discretion and reversibly erred in denying the defense motion to dismiss the charges with prejudice due to a 180-day violation.
>
> II. The trial court violated Petitioner's due process rights by denying Petitioner's motion for plea withdrawal, where defense trial counsel had coerced Petitioner into pleading guilty.
>
> III. Where Petitioner's assigned counsel for his direct appeal by leave failed to adequately federalize his issue and failed raised two meritorious constitutional issues, Petitioner was denied due process by counsel's failure to raise Issue I and II, which resulted in a deprivation of Petitioner's constitutional rights to appeal, and to the effective assistance of counsel on appeals.

The trial court denied Petitioner's motion, and Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. It was denied because Petitioner had "failed to meet the burden of establishing entitlement to relief under Mich. Ct. R. 6.508(D)." *People v. Thompkins*, No. 281974 (Mich. Ct. App. Nov. 19, 2007). Petitioner attempted to appeal this decision to the Michigan Supreme Court, but it denied relief by use of the same

form order. *People v. Thompkins*, No. 136305 (Mich. Sup. Ct. Apr. 25, 2008).

Petitioner enumerates six, overlapping claims in his petition:

I. The trial court violated Petitioner's due process rights by denying the motion for plea withdrawal when the plea was involuntary.

II. The trial court erred when it failed to grant credit from the time that the prosecution knew or should have known that the Michigan Department of Corrections had custody of Petitioner.

III. Petitioner was denied due process by appellate counsel's failure to raise the above issues, which resulted in a deprivation of Petitioner's constitutional rights to appeal, and to the effective assistance of counsel on appeal.

IV. The trial court abused its discretion and reversibly erred in denying the defense motion to dismiss the charges with prejudice due to a 180-day violation.

V. The trial court violated Petitioner's due process rights by denying Petitioner's motion for plea withdrawal, where defense trial counsel had coerced Petitioner into pleading guilty.

VI. Petitioner's appellate counsel was ineffective for failing to raise the meritorious constitutional issues presented above in Claims I and II.

### III. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, No. 2011 WL 148587, * 11 (U.S. 2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could

disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. 770.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." 131 S.Ct. at 786-787.

## IV. Discussion

### A. No Contest Plea

Petitioner's first and fifth claims assert that he involuntarily pled no contest as the result of threats made by his trial attorney. Respondent asserts that the claims are barred from review because they were not raised during his appeal of right.

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the

judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A court must look to the last reasoned state court decision to determine if it rests on a substantive or procedural state law ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Respondent correctly notes that Petitioner's first and fifth claims were raised for the first time in Petitioner's motion for relief from judgment, but contrary to his assertion, the appellate court orders denying post-conviction relief under Michigan Court Rule 6.508(d) did not rely on a state procedural ground. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. *Id.* The trial court's discussion of Petitioner's claims appears to reject them on the merits. The trial court found that because the claims were meritless, Petitioner could not demonstrate prejudice under Rule 6.508(D)(3)(b)(ii). The question of whether this decision relies on a procedural ground is a difficult one. It need not be addressed here because it is simpler to resolve Petitioner's claims on the merits. While a procedural default issue should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits of [a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted).

A guilty plea is valid if it is entered voluntarily, knowingly and intelligently, "'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (*quoting Brady v. United States*, 397 U.S. 742, 748 (1970)). The same standard applies to a plea of no contest or nolo contendere. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008); *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly and

understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime").

A voluntary plea is entered "'by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel" that is not "induced by threats (or promises to discontinue improper harassment), misrepresentations (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" *Brady*, 397 U.S. at 755, 90 S. Ct at 1472 (*quoting Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir. 1957)).

The state has the burden of showing that the plea was voluntary. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993) (*citing Boykin v. Alabama*, 395 U.S. 238 (1969)). When the state provides a transcript of the plea proceedings sufficient to show that the plea was voluntary, and the state court finds as a factual matter that the plea was proper, a presumption of correctness arises. *Id.*

With respect to Petitioner's plea of no contest, the trial court found as a factual matter that it was voluntary. A review of the plea hearing transcript supports this finding. The transcript reveals no actual or threatened physical harm or mental coercion overbearing Petitioner's will. It reveals no evidence that Petitioner was so overborne that he could not rationally weigh the advantages of pleading no contest against the advantages of going to trial. There is no suggestion of ineffective assistance of counsel at the plea. In light of Petitioner's plea colloquy, his bare claim that his counsel forced him into pleading guilty is insufficient to overcome the presumption of truthfulness which attaches to statements made during the plea colloquy, in which Petitioner denied that any threats had

9

been used to get him to enter his plea. The trial court's rejection of Petitioner's claim that his plea was involuntary was thus consistent with clearly established Supreme Court precedent and cannot form the basis for granting habeas relief.

### B. Jail Credit

Petitioner was on parole at the time he committed the instant offense. After his arrest, Petitioner alleges that his parole was rescinded but that he was not required to serve any additional time on that prior sentence. Petitioner's second claim asserts that he was therefore entitled to sentencing credit. The Michigan Court of Appeals summarily rejected the claim when it denied his application for leave to appeal "for lack of merit in the grounds presented." *Thompkins, supra*.

A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A prisoner generally has no constitutional right to sentencing credit, although state law may create a liberty interest in sentencing credit protected by the Due Process Clause. *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992). Petitioner has not presented any authority standing for the strange proposition that rescinding a prisoner's parole because he commits a new offense acts to discharge him from the remainder of his prior sentence. In fact, Michigan law requires a parolee to serve the unexpired portion of his maximum sentence for his prior conviction if he commits a crime while on parole. MICH. COMP. LAWS 791.238(2). Michigan's jail credit statute does not credit prisoners with time served for unrelated offenses. MICH. COMP. LAWS 769.11b; *People v. Prieskorn*, 424 Mich. 327, 344, 381 N.W.2d 646, 652 (1985). Because Michigan law does not create a right to the credit Petitioner seeks, his claim is not cognizable on habeas review.

### C. <u>180-Day Rule</u>

Petitioner's fourth claim alleges that he was denied his right to due process because he was brought to trial in violation of Michigan's 180-day rule. MICH. COMP. LAWS 780.131. This statute grants state prisoners the right to a trial within 180 days of notice to the prosecutor that the defendant is detained or incarcerated on another conviction. Petitioner moved to dismiss the charges on these grounds in the trial court, but the motion was denied.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (per curiam opinion). A violation of a state speedy-trial law by a state court is non-cognizable on habeas review. *See Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (discussing review of a violation of a state speedy trial law in the context of a habeas proceeding); *Stewart v. Nix*, 972 F.2d 967, 970 (8th Cir. 1992) (stating that a petitioner's rights under the Sixth Amendment are not affected by a state statute); *Wells v. Petsock*, 941 F.2d 253, 256 (3rd Cir. 1991). Therefore, Petitioner is not entitled to habeas relief for any claimed violation of Michigan's 180-day rule.

### D. <u>Ineffective Assistance of Appellate Counsel</u>

Petitioner's third and sixth claim assert that he was denied the effective assistance of counsel when his appellate counsel failed to raise claims regarding the voluntariness of his plea and sentencing credit during Petitioner's direct appeal. This claim is not being raised as an independent ground for habeas relief, but rather it seeks to demonstrate "cause" to excuse the alleged procedural default of the underlying claims. Because the Court did not impose a default and found those claims to be without merit, Petitioner's

ineffective assistance of appellate counsel claim is moot.

## VI. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(citation omitted). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The Court concludes that jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

## VI. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

s/Gerald E. Rosen<br>
Chief Judge, United States District Court

Dated:  April 28, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2011, by electronic mail and upon Mark Thompkins, #258525, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201 by ordinary mail.

s/Ruth A. Gunther<br>
Case Manager